UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21959-CIV-HOEVELER

KATHERINE SMITH,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court on the Defendant's Motion to Dismiss and Motion for Summary Judgment, filed March 11, 2008. The Court heard argument from the parties on October 20, 2008. For the reasons stated below, the Court has determined that dismissal of this action is appropriate under Fed. R. Civ. P. 12(b)(6).

Plaintiff allegedly was injured on May 10, 2006, when she fell in a dining room while a passenger on one of Defendant's vessels. This action was filed in this court on July 31, 2007. According to Plaintiff's Contract with Defendant, which was attached to the Complaint and pursuant to Fed. R. Civ. P. 10(c) is properly considered part of the pleadings, suits to recover on claims of personal injury "shall not be maintainable unless filed within one year after the date of the injury ... and unless served on Carnival within 120 days after filing." ¶ 14(a), Contract. Plaintiff does not dispute that this is a binding provision, nor does Plaintiff dispute that the contract provides, in relevant part,

that "all disputes and matters whatsoever arising under ... this Contract ... shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami." ¶ 15, Contract.

Plaintiff initially filed her claim for negligence in state court on April 20, 2007, i.e., within the one year limitation contained in the contract but in the wrong court. According to Defendant, they were served with the state court action on May 7, 2007 (three days prior to the expiration of the limitations period), and filed a motion to dismiss on May 23, 2007, based on the Plaintiff having filed suit in an improper forum, i.e., state court instead of federal court, pursuant to the contract. More than two months later, Plaintiff attempted to remedy that problem by filing a nearly identical complaint before this Court on July 31, 2007. The following day, the state court dismissed the state action – without making any finding as to the statute of limitations.

Defendant argues that Plaintiff's action must be dismissed because it was filed more than one year after the date of Plaintiff's alleged injury, and that Plaintiff's improper filing in state court did not toll the statute of limitations. Plaintiff responds by arguing that Defendant routinely litigates similar matters in state court and therefore has engaged in conduct which should permit Plaintiff to equitably toll the statute of limitations. At the hearing, Defendant's counsel reported to the Court that after a change in the contractual language of Defendant's passenger tickets in 2004, Defendant has consistently pursued this type of litigation in federal court. Prior to 2004, the passenger ticket/contract permitted an injured passenger to choose whether to proceed in state or federal court; after 2004 the exclusive remedy is federal court.

In the alternative, Plaintiff urges this Court to toll the statute of limitations because of a state court procedural rule, Rule 1.061, Fla. R. Civ. P., which relates to dismissals in Florida courts on the basis of *forum non conveniens*. Plaintiff suggests that under Rule 1.061, Defendant's motion for dismissal in state court should be construed as an agreement to not challenge the limitations issue in federal court. The Court disagrees, and finds that the language of the rule itself clearly indicates that it applies to dismissals for *forum non conveniens*, and that such rule cannot be read to govern dismissals related to a litigant's failure to abide by a contractual requirement that claims be brought in federal court.

In the final analysis, the Court finds that the terms of the contract are unambiguous and enforceable against Plaintiff. The Court rejects Plaintiff's claim that the terms of the contract are ambiguous, or that the fact that the two provisions cited above occur in two separate paragraphs in some way dictates that they not be read to preclude a late filed action in federal court. Moreover, the Court cannot resist observing that if Plaintiff simply had filed his action in a more timely manner, even if mistakenly filing first in state court, the Defendant's motion to dismiss might have revealed Plaintiff's error in time for Plaintiff to have refiled the action in federal court before expiration of the limitations period.

Although the Court has determined that this case is subject to dismissal based on the pleadings alone, the Court notes that even if this case had proceeded to summary judgment, it appears that the lack of evidence of either Defendant's

misleading conduct in this specific case or Plaintiff's due diligence in this matter[1] would provide little support for opposition to the Defendant's motion for summary judgment. Again, to be clear, this Court is dismissing this action under Fed. R. Civ. P. 12(b)(6), and does so based on the pleadings alone. As I have concluded that the terms of the Contract are clear and there is no basis for permitting Plaintiff to avoid the binding provisions of the Contract, this case must be dismissed. Based on the above, it is

ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED and the Motion for Summary Judgment is DENIED as moot. This case is closed.

DONE AND ORDERED at Miami, Florida this 22 day of October, 2008.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

George W. Allen, Jr.
Donnise A. DeSouza

---

[1] The Court observes that despite having filed this federal action on July 31, 2007, the Plaintiff never formally served Defendant with the federal complaint; nor was any action taken between July 31, 2007, and January 2008, when Defendant filed a limited notice of appearance in this Court.